IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALONZO S. CURRY, 428710, )<br>        Petitioner, )<br>)<br>v. )<br>)<br>RICHARD THALER, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division, )<br>        Respondent. ) | No. 3:10-CV-660-M |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

      This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

      Petitioner pled guilty to sexual assault and was sentenced to twenty-two years imprisonment. *The State of Texas v. Alonzo Snuckle Curry*, No. F-8686270-SH (Crim. Dist. Ct. No. 1, Dallas, Tex., July 25, 1986.)

      Petitioner does not challenge his conviction. Instead, he argues that TDCJ has failed to properly award him bonus time credits towards his sentence.

      Petitioner was released to mandatory supervision. On May 9, 2008, his mandatory supervision was revoked. On July 2, 2008, Petitioner filed a state habeas application arguing his sentence was being unlawfully extended. *Ex parte Curry*, No. 36,905-03. On December 2, 2008, the Court of Criminal Appeals dismissed the petition finding it was not properly filed. On July 23, 2009, Petitioner filed another state habeas application challenging his time credits. *Ex*

*parte Curry*, No. 36,905-04. On March 24, 2010, the Court of Criminal Appeals denied the application without written order.

On March 31, 2010, Petitioner filed the instant § 2254 petition. He argues:

(1) TDCJ has violated the Ex Post Facto Clause by denying him 978 educational bonus time credits;

(2) TDCJ has violated the Ex Post Facto Clause by denying him 880 overcrowding bonus time credits; and

(3) The denial of bonus time credits is a breach of his plea agreement because the denial of credits extends his sentence.

On August 11, 2010, Respondent filed his answer. On August 24, 2010, Petitioner filed his reply. The Court now determines the petition should be dismissed as barred by the statute of limitations.

## II. Discussion

**1. Mootness**

Respondent argues the petition is moot because Petitioner has been released to mandatory supervised release. The Court determines, however, that Petitioner is claiming his sentence has been unlawfully extended because of an improper calculation of bonus credits. Because Petitioner's sentence has not been discharged by TDCJ, the Court finds the petition is not moot.

**2. Statute of Limitations**

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of

conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

The Court determines Petitioner either knew, or could have known through the exercise of due diligence, of his time credits claim on May 9, 2008, which was the date of his revocation. On that date, or shortly thereafter, he could have determined the amount of time credited to his sentence by TDCJ. *See Biggins v. Dretke*, No. 3:03-CV-2005-P, 2004 WL 1898255 at *2 (N.D. Tex. Aug. 24, 2004) (finding on date of parole revocation petitioner knew, or could have known through the exercise of due diligence, of the loss of street time credits); *Tweedy v. Dretke*, No. 4:03-CV-0520-A, 2003 WL 22724659 at *3 (N.D. Tex. Sept. 15, 2003) (same). Petitioner then had one year, or until May 9, 2009, to file his federal petition.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings. On July 2, 2008, Petitioner filed a state habeas application arguing his sentence was being unlawfully extended. *Ex parte Curry*, No. 36,905-03. On December 2, 2008, the Court of Criminal Appeals dismissed the petition finding it was not properly filed because Petitioner did not exhaust his administrative remedies regarding his time credit claim. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings); *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir.) (finding state habeas application is not properly filed if erroneously accepted by state court that lacks jurisdiction); *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004) (finding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2). A state petition that is not properly filed does not toll the AEDPA limitations period. *Artuz*, 531 U.S. at 8.

On July 23, 2009, Petitioner filed another state habeas application arguing that TDCJ improperly calculated his time credits. *Ex parte Curry*, No. 36,905-04. On March 24, 2010, the Court of Criminal Appeals denied the petition. This petition was filed after the one-year AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his federal §2254 petition by May 9, 2009. He did not file his petition until almost a year later, on March 31, 2010. His petition is therefore untimely.

3. **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 29th day of November, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).